### LEFENFELD v. ADLER.

(Supreme Court, Appellate Term. June 28, 1906.)

APPEAL—DISMISSAL OF COMPLAINT.

 Where an adjournment of the case is denied, and thereupon judgment is rendered dismissing the complaint, plaintiff's proper remedy is not by motion to vacate the judgment and open the default, authorized by Municipal Court Act, Laws 1902, pp. 1562, 1563, c. 580, §§ 253, 254, but by appeal from the judgment; there having been no default to open, but the judgment having been the result of the refusal to grant the adjournment.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Mollie Lefenfeld against Samuel Adler. From an order denying a motion, plaintiff appeals. Dismissed.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

Pollak & Deutsch, for appellant.

Leopold W. Harburger, for respondent.

LEVENTRITT, J. Issue was joined on July 17, 1905. There followed a series of adjournments until January 23, 1906. On that day the plaintiff appeared, and requested a further adjournment, which was,

however, refused, and judgment was rendered dismissing the complaint, with costs. Subsequently the plaintiff moved to vacate the judgment and to open the default. From the order denying that motion this appeal is taken.

The plaintiff has mistaken her remedy. There was no default to be opened, hence the denial of the motion was inevitable. The judgment of dismissal was not the result of nonappearance of the plaintiff on the adjourned day, but of the refusal of the justice to grant her request for a further adjournment. That refusal can be reviewed only on an appeal from the judgment, and that appeal has not been taken. Sections 253 and 254 of the Municipal Court Act (Laws 1902, pp. 1562, 1563, c. 580) do not apply.

Appeal dismissed, with $10 costs to the respondent. All concur.