the defendant on the same day that he gave the order, and that letter is in the record; but it was not shown that such letter was ever mailed or received by the plaintiff. In the case of Hallwood Cash Reg. Co. v. Finnegan, 84 N. Y. Supp. 154, there was proof given of the countermanding of the order prior to its acceptance. No such proof exists in this case.

Judgment affirmed, with costs. All concur.

---

(53 Misc. Rep. 258)

### GUGGOLZ et al. v. ARCH REALTY & CONST. CO.

(Supreme Court, Appellate Term. March 14, 1907.)

JUDGMENT—BY DEFAULT—OPENING.

Where defendant appeared and asked for an adjournment, which was refused, and thereafter an inquest was taken, and defendant in no way appeared after the refusal to grant the adjournment, the judgment rendered against him was upon his default, and the court, on a proper showing, had authority to open the same.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 252.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by William Guggolz and others against the Arch Realty & Construction Company. Appeal by defendant from an order denying a motion to open his default. Order reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Saitta & Thiele, for appellant.
Albert S. Oglesby, for respondents.

PER CURIAM. This is an appeal from an order denying a motion to open the default of the defendant in failing to proceed with the trial of the case after the same had been reached. The court below denied the motion, not upon the merits, but solely, as stated in his order denying the same, upon the ground of want of power. In this the court below was clearly in error. There has been a failure to distinguish between the case of Lefenfeld v. Adler (Sup.) 99 N. Y. Supp. 799, and cases like the case at bar, where the defendant is clearly in default and has a right to have it determined whether or not he is entitled to his day in court. In the Lefenfeld Case the plaintiff appeared upon the adjourned day and asked for a further adjournment. This was refused, and the complaint dismissed, and as Mr. Justice Leventritt very properly said:

"The judgment of reversal was not the result of the nonappearance of the plaintiff."

In that case there was nothing for the trial judge to do, having refused an adjournment, except to dismiss the complaint, and the plaintiff's remedy was to either sue again, or appeal from the judgment upon the ground that such adjournment was one to which he had a legal right. In the case at bar the defendant, it is true, appeared and asked for an adjournment, which was refused, and thereafter an inquest

was taken; the judgment thus rendered being one rendered upon the defendant's default. The respondents' attorney alleges in his brief that the defendant's attorney remained in court during the inquest, and after its conclusion moved for a stay of execution, and therefore cannot be considered as having been in default. This does not appear by the record. One of the affiants states that he was informed by his clerk that a "few days' stay had been granted," and the affidavit of the clerk says that the court, after hearing the testimony of the plaintiff and his witnesses, gave a judgment for $468, "at the same time saying that the execution be stayed for five days to enable us to make a motion," and this statement is not disputed in the opposing affidavit. The proceedings and testimony taken upon the trial are not made a part of the return, and it nowhere appears in the record that the defendant in any way appeared after the refusal to grant the adjournment asked for, but suffered an inquest to be taken. The moving affidavits, together with the affidavit of merits, presented sufficient grounds for opening the defendant's default, and the motion should have been granted.

Order reversed, and new trial ordered, upon payment of $10 costs in the court below and the defendant stipulating that the judgment stand as security until the final determination of the action.