The testimony of the plaintiff is so uncertain as to the exact date upon which he bases his cause of action, he apparently having many actions pending of a similar character, based upon alleged refusals, at dates just prior to or immediately following the date attempted to be proven in this action, that the court below was justified in refusing to give a judgment in his favor.

Judgment affirmed, with costs.

---

(53 Misc. Rep. 536)

### WOLFERT v. NEW YORK CITY RY. CO.    WILKINSON v. SAME. KERIN v. SAME.

(Supreme Court, Appellate Term. April 10, 1907.)

COURTS—MUNICIPAL COURTS—PROCEDURE—JUDGMENTS — DEFAULT — RIGHT OF PLAINTIFF TO OPEN.

    Where summons in actions in the Municipal Court were duly served and filed, and the cases placed on the calendar, the court could open plaintiffs' defaults; Municipal Court Act, Laws 1902, p. 1562, c. 580, § 253, providing that the Municipal Court in which a default is taken may, upon motion upon notice, open it and set the action down for pleading or trial upon such terms as the court may deem proper, not discriminating as to which party may open the default.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Actions by Charles Wolfert, by James Wilkinson, and by John Kerin against the New York City Railway Company. From orders denying motions to open defaults, plaintiffs appeal. Reversed, and trials ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Harcourt Bull, for appellants.

James L. Quackenbush, for respondent.

GILDERSLEEVE, P. J. It appearing that the summonses in these actions were duly served and filed and the cases placed upon the calendar, the court below had a right to open plaintiffs' defaults. Some confusion seems to have arisen in the Municipal Court regarding the power of that court to open a default where the plaintiff is the defaulting party, evidently owing to a failure to distinguish the facts in the case of Lefenfeld v. Adler, 99 N. Y. Supp. 799, 51 Misc. Rep. 66, in which this court held that the remedy of the plaintiff was by appeal only, and not by motion to open his default, and the facts in cases like these at bar. In the former case the plaintiff was not in default. He appeared, and made a motion for an adjournment, which motion was denied, and he refused to proceed further with the case, and it was dismissed. He could have proceeded with the trial, and, if defeated, appealed from the judgment, and had the refusal to grant the adjournment reviewed on appeal, or he could have begun his action anew. Clearly he was not in default. In the cases at bar the court had acquired jurisdiction of the parties, and upon the call of the calendar no one answered on the part of the plaintiff. Municipal Court Act, Laws 1902, p. 1562, c. 580, § 253, does not discriminate as to

which party shall move to open "a default," but the distinction between a default, which is a failure to appear, and an appearance, must always be borne in mind.

The orders in each of these cases will be reversed, and trials ordered, with costs to the appellant to abide the event in each case, and the motion to open the default granted, upon payment of $10 costs in each case in the court below. All concur.

(53 Misc. Rep. 568)

### KERIN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. April 10, 1907.)

CARRIERS—STREET RAILWAY—REFUSAL TO ISSUE TRANSFER—BURDEN OF PROOF.
　　In an action against a street railway company for a penalty for refusing a passenger a transfer, the burden was upon plaintiff to prove his case by a preponderance of the evidence, and not beyond reasonable doubt.

Appeal from Municipal Court, Borough of Manhattan, Third District.

