## TALTY et al. v. STRAUSS.

(Supreme Court, Appellate Term.   December 20, 1907.)

APPEAL—APPEALABLE ORDER.

An appeal lies from an order of the Municipal Court denying a motion to open a default, on which plaintiffs have obtained and entered a judgment, and it is unnecessary that defendant should appeal from the judgment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 766, 767.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by John Talty and others against Herman Strauss. Judgment for plaintiffs. From an order denying a motion to open a default, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Rose & Putzel (Jos. A. Burdeau, of counsel), for appellant.

Leidy & Goodstein (Herman B. Goodstein, of counsel), for respondents.

McCALL, J.   The defendant herein appeals from an order denying his motion to open a default, upon which the plaintiffs have obtained and entered a judgment, and the contention of the plaintiffs (respondents) is that defendant (appellant) has mistaken his remedy and should have appealed from the judgment, and that from the order entered no appeal can be taken.   I do not believe that that position is sound. The attitude this court assumed in the case of Lefenfeld v. Adler (Sup.) 99 N. Y. Supp. 799, does not control in the case at bar, and the point of differentiation is marked in the case of Guggolz v. Arch Realty & Construction Co., 53 Misc. Rep. 258, 103 N. Y. Supp. 82, the doctrine of which applies herein.   Upon the merits of the case, I am of the opinion that a ·good and sufficient excuse under the rules, was offered in proper form by the defendant for an adjournment, and the same should have been recognized, and the application granted.   Members of the bar, in response to their duties, cannot be expected to be in two places at the same time, and the advancement of these hair-splitting differences as to the time different courts convene in different parts of the city, as demonstrating that at a precise moment one court is not in session, and hence actual engagement cannot be shown, and a sufficient excuse under the rule is not therefore offered, would, if approved, simply establish an absurdity.   All that was contemplated by the rule was shown in the affidavit submitted, and the order should be reversed.

Judgment vacated, and order reversed, and new trial ordered, with costs to appellant to abide the event.

FORD, J., concurs.   GILDERSLEEVE, P. J., concurs in result.